UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONJA GABALES individually, and as Personal Representative of the Estate of Philip Gabales; L.C., a minor, by and through her Guardian Ad Litem, SONJA GABALES,

        Plaintiffs,

    v.

COUNTY OF SAN JOAQUIN, a municipal corporation; ROBERT HEIDLEBACH, in his capacity as Sheriff for the COUNTY OF SAN JOAQUIN; ROBERT FOPPIANO, individually and in his capacity as a deputy sheriff for the COUNTY OF SAN JOAQUIN; WILLIAM INSKIP, individually; MATTHEW D'VALENTINE, individually, and DOES 1-50, inclusive,

        Defendants.
_____/

NO. CIV. S-07-1346 LKK/DAD

O R D E R

    Plaintiffs commenced this suit in July, 2007, asserting various civil rights claims against defendants relating to the death of their husband and father during his attempted arrest. According to the court's Amended Scheduling Order, the deadline for

1

expert disclosures was February 2, 2009. Pending before the court is plaintiffs' motion to strike the late-filed reports of purported defense experts Stephen Karch and Craig Enos. The court resolves the motion on the papers and for the reasons stated herein, grants the motion in part.

## I. BACKGROUND

This suit commenced in July, 2007 and the court issued a Scheduling Order in December 2007. The order provides,

> All discovery . . . shall be conducted as to be completed by March 3, 2009. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary . . . . [A]ll counsel are to designate in writing and file with the court and serve upon all other parties a final list of the names of all experts that they propose to tender at trial not later than sixty (60) days before the close of discovery herein established. At the time of designation, all experts shall submit a written report. . . . All experts so designated are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party. . . . An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.

Order, Dec. 4, 2007 at 6-7. Discovery motions were to be brought so as to be heard not later than February 3, 2009. Id. The Scheduling Order was modified, per the parties' stipulation, on December 12, 2008. The amended order provided that expert designations and reports were to be exchanged not later than February 2, 2009. Order, Dec. 12, 2008 at 1. Discovery closed on

2

June 2, 2009. The Pretrial Conference and trial dates were continued to December 7, 2009 and March 9, 2010, respectively.

The parties filed their expert disclosures on February 2, 2009. Defendants identified, among others, Dr. Stephen Karch, provided as an expert in toxicology and pathology, and Craig Enos, identified as an expert on the value of plaintiffs' damages. Defendants filed a report of Dr. Karch on that day. Defendants also filed a declaration of Mr. Enos. In his declaration, Enos identified himself as a rebuttal expert and stated that he could not file a report until having reviewed the report of plaintiffs' economic expert. See Decl. of Craig Enos at 2.

On March 31, 2009, defendants filed a supplemental expert report by Dr. Karch. Defendants offered no explanation for the need to supplement the earlier report. In the supplemental report, Dr. Karch stated that in preparing his opinion he reviewed and relied on the same material that formed the basis of his initial report. See Decl. of Stephen Karch (Doc. No. 43) at 2; Revised Report (Doc. No. 52) at 2. The revision contains four changes to the original report, all of which are omissions of sentences that had been in the original report. See id. Dr. Karch has declared that the omitted sentences had been erroneously carried over from report that he had written in another case. Decl. of Dr. Stephen Karch in Opp'n to Mot. to Strike ("Karch Decl.") ¶¶ 4-5. Plaintiffs did not depose Dr. Karch after the disclosure of the supplemental report, although discovery remained open until June 2, 2009. Decl. of Mark Berry In Opposition to Pls.' Mot. to Strike ("Berry Decl.") ¶ 6

3

On June 1, 2009, defendants filed a report by Enos. It provides that it is intended to rebut the testimony of economic damages offered by Robert Johnson. Johnson's expert report had been filed by plaintiffs on February 2, 2009. Although defendants argue that the June 1 Enos report was offered in rebuttal to a supplemental report offered by Johnson at his deposition on May 26, 2009, see Defs.' Joint Opp'n to Pls.' Mot. to Strike at 6, they have offered no evidence that Johnson produced a supplemental report at his deposition. Enos' June 1 report does not reflect that he relied on Johnson's deposition or supplemental report, if any; instead, Enos indicated that he relied on Johnson's February 2 report. Supplemental Joint Defense Expert Witness Disclosure (Doc. No. 53) Ex. 1 (Enos Report) at 6-7.

## II. ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(C) provides that, in the absence of a contrary court order, a party may disclose the identity of an expert whose testimony is intended only to contradict or rebut evidence offered by another party's expert thirty days after disclosure of the other party's expert. The court's Scheduling Order served to alter the deadline set forth by Rule 26 by requiring that "all" experts be disclosed by a certain date. "All" is not ambiguous and encompasses rebuttal experts. The Scheduling Order also provides for a narrow exception to this deadline, however, allowing that an expert may be disclosed beyond the deadline if, *inter alia*, "the necessity of the witness could not have been reasonably anticipated at the time the lists were

4

exchanged." Order, Dec. 4, 2007 at 6-7.

Plaintiffs contend that the supplemental report of Karch and the report of Enos are untimely under the court's Scheduling Order and the Federal Rules. Defendants argue that plaintiffs' motion is procedurally improper, that the reports were appropriately filed according to the Federal Rules, and that their filing did not prejudice plaintiffs.

First, the motion is not procedurally improper so as to warrant dismissal. Defendants direct the court to Local Rule 37-251(b), which requires that any motion involving a discovery dispute relating to Federal Rules of Civil Procedure 26 through 37 by brought only after the movant has attempted to informally resolve the dispute with the other party. If that process does not resolve the dispute, the parties must file a joint statement setting forth their disagreement. Local Rule 37-251(b). No joint statement has been filed concurrent with this motion and defendants have tendered evidence that plaintiffs did not attempt to meet and confer prior to filing the motion. Berry Decl. ¶¶ 3-5.

Notwithstanding this, denial of the motion is not the proper remedy. According to the Local Rules, failure to file a joint statement of a discovery dispute results in postponement of the hearing on the motion, not its denial or sanctions, as defendants also urge. See Local Rule 37-251(a). Here, given that Law and Motion closes next week and the Pretrial Conference is scheduled to occur in the subsequent months, postponement of the resolution of the motion does not appear a helpful solution. Instead, the

5

court opts to resolve the motion on the merits.

With regards to Dr. Karch's supplemental report, the court concludes that plaintiffs' motion should be denied. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D) and 26(e)(1), parties are required to supplement an initial disclosure when the party learns that information contained in it was incorrect. Here, that appears to have been plainly the case. The amendments to Dr. Karch's report constituted omissions of references to facts that appeared not to relate to this case. See Revised Report (Doc. No. 52). Dr. Karch confirmed that these references were erroneously included from another report. Karch Decl. ¶¶ 4-5. This is the type of materially incorrect expert disclosure that must be remedied per Rule 26(e)(1)-(2). Accordingly, defendants did not act improperly in offering Dr. Koch's supplemental report.

Moreover, Dr. Koch's supplemental report was filed and served on March 31, 2009, approximately two months before the close of discovery and not long after the disclosure of the initial report in February 2009. As such, plaintiffs had an opportunity to depose Dr. Koch or conduct other discovery as needed, in response to the supplemental report. This mitigated any prejudice plaintiffs suffered by the supplemental report.

Plaintiffs' motion must be granted, however, as to Enos' supplemental report filed June 1, 2009. Defendants assert in their opposition to plaintiffs' motion that this report was filed in response to the deposition of plaintiffs' expert Robert Johnson on May 26, 2009 and a report he assertedly produced at that time.

However, Enos' supplemental report does not state that either of those sources were relied on in its drafting. See Supplemental Joint Expert Disclosure (Doc. No. 53) at 6-7. Additionally, by filing the supplemental report the day before discovery closed, defendants undoubtedly prejudiced plaintiffs. Defendants never sought leave to file an untimely report or to amend the Scheduling Order nor is Enos's supplemental report the type of mandatory amendment to an initial disclosure required under Rule 26(e). As such, plaintiffs' motion is granted as to Enos's June 1, 2009 supplemental expert report.

### III. CONCLUSION

For the reasons stated herein, plaintiffs' motion to strike defendants' late-disclosed expert reports is GRANTED IN PART. The supplemental report of Craig Enos (Doc. No. 53) is STRICKEN.

IT IS SO ORDERED.

DATED: August 28, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7