UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONJA GABALES individually, and as Personal Representative of the Estate of Philip Gabales; L.C., a minor, by and through her Guardian Ad Litem, SONJA GABALES,

      Plaintiffs,

    v.

COUNTY OF SAN JOAQUIN, a municipal corporation; ROBERT HEIDLEBACH, in his capacity as Sheriff for the COUNTY OF SAN JOAQUIN; ROBERT FOPPIANO, individually and in his capacity as a deputy sheriff for the COUNTY OF SAN JOAQUIN; WILLIAM INSKIP, individually; MATTHEW D'VALENTINE, individually, and DOES 1-50, inclusive,

      Defendants.

NO. CIV. S-07-1346 LKK/DAD

O R D E R

A bill of costs has been presented to the court by defendants County of San Joaquin and Foppiano, ECF No. 184, and a separate bill of costs by defendants Inskip and D'Valentine. Together, the bills of costs request a total of $30,365.27.

1

This case arose from the death of Philip Gabales while handcuffed and in the custody of defendant law enforcement officers. Plaintiffs are family members of the decedent. After trial, the jury found in favor of defendants on all claims.

Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 54-292(f) govern taxation of costs, other than attorney's fees, to the prevailing party in a civil matter. Under Fed. Rule Civ. P. 54(d)(1), unless a federal statute, the federal rules, or a court order provides otherwise, costs other than attorney's fees should be granted to the prevailing party. Trial courts have discretion to tax whatever costs seem appropriate. Courts may only tax costs defined in 28 U.S.C. § 1920 and Local Rule 54-292.

District courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases. Stanley v. University of S. California, 178 F.3d 1069, 1080 (9th Cir. 1999). Whether the payment of costs would render the plaintiff indigent is a factor that district courts may properly consider. Id. The court may also consider the chilling effect that the imposition of high costs would have on civil rights plaintiffs of modest means. Id. ("Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since Brown v. Board of Educ.")

Indeed, a district court abuses its discretion if it awards costs without considering "(1) the plaintiff's limited financial

1  resources and (2) the chilling effect on future civil rights
2  litigants of imposing high costs." <u>Save Our Valley v. Sound
3  Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003). The Ninth Circuit has
4  repeatedly held that such concerns, particularly in civil rights
5  cases, are an appropriate basis for denying defendants' recovery
6  of costs outright. See <u>National Organization of Women v. Bank of
7  California</u>, 680 F.2d 1291, 1294 (9th Cir. 1982)(district court did
8  not abuse its discretion by denying costs on the basis of
9  "plaintiffs' limited budgets."); <u>Stanley</u> 178 F.3d at 1079-81
10 (holding that the district court abused its discretion by not
11 considering the plaintiff's indigency and a chilling effect on
12 future plaintiffs).
13    The court must, however, specify its reasons for refusing to
14 tax costs to the losing party, but need not give affirmative
15 reasons for its decision to award costs. <u>Id.</u> (quoting <u>Assoc. of
16 Mexican-American Educators v. California</u>, 231 F.3d 572, 591 (9th
17 Cir. 2000).)
18    In this case, plaintiff Sonja Gabales has very limited
19 financial resources. Plaintiff is a widow with no savings or
20 assets, and is financially responsible for her six-year-old
21 daughter. Plaintiff works as a substance abuse counselor and has
22 relied on her mother for financial support following her husband's
23 death. Pl.'s Opp'n to Bill of Costs, ECF No. 189. The court finds
24 that plaintiff, a widow with a small child and no assets, would be
25 rendered indigent if ordered to pay the $30,000 in costs.
26    Additionally, the sole caretaker of decedent's minor children

1 has serious medical conditions, and is on long-term disability and
2 food stamps. The minor children also have medical and mental health
3 conditions and live on social security payments. Decedent's father,
4 Ted Gabales, suffers from heart disease and other medical
5 conditions. He has no assets and supports himself and his wife on
6 his pension and social security. An award of costs has a
7 substantial risk of rendering each of the plaintiffs in this case
8 indigent, if they are not indigent already.

9     The court also finds that "the imposition of such high costs
10 on losing civil rights plaintiffs of modest means" in this case
11 "may chill civil rights litigation in this area." <u>Stanley v.
12 University of S. California</u>, 178 F.3d 1069, 1080 (9th Cir. 1999).
13 The facts of this case raised important, non-frivolous issues about
14 police officers' use of force.

15     Accordingly, the court exercises its discretion to decline an
16 award of costs to defendants in this case.

17     IT IS SO ORDERED.

18     DATED: August 27, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4